# KIMBERLY LECKIE, P.A.

March 11, 2015

United States Bankruptcy Court
Middle District of Florida
Tampa Division
801 North Florida Avenue
Suite 555
Tampa, Fl 33602

**Case No: 8:14-bk-08158-CED Chapter 13**

Honorable Caryl E. Delano,
United states Bankruptcy Judge,

I was instructed by the case manager on my file and by the Trustee's office to submit a letter to you outlining the very distressing experience and extremely unprofessional behavior I encountered with the attorney I retained to file a Chapter 13 case.
The only and specific intent of filing this Chapter 13 case was to obtain a Loan Modification and Mediation in a Federal Court of Law with my lender Wells Fargo, as well as the "adequate protection stay" after being served with a Foreclosure Suit on May 28, 2014.
I relied on Ms. Blanton and her firm, as my legal counsel for professional legal expertise, as a layperson totally unfamiliar with the legalities, mechanics and process of a Chapter 13 Bankruptcy case.
Ms. Blanton mislead, misrepresented critical and crucial facts and information during my entire experience, culminating in her actually telling me to "stop making payments to the Trustee, as my case was not going to be confirmed in any event".
Wells Fargo almost immediately filed "Objection to Chapter 13 Plan", denied "Loan Modification Application" on October 28, 2014 with an Appeal Deadline of 30 days from denial.
I had informed Ms Blanton that I had already submitted 19 HAMP loan modifications beginning July 2009 and for over the past year had been dealing with The Office of the President at Wells Fargo, therefore was very cognizant and experienced with filing loan modification applications and specifically Only required Ms Blanton's expertise in the "Adequate Protection Stay" in Chapter 13 and the "Mediation" in Federal Court with the bank and it's representatives. In some of the Bank's denials due to Negative NPV, I

specifically requested the "Financial Input Variables" that were Incorrect be Corrected by submitting Appeal by Deadline with ALL supporting Documentation as requested, as well as Disclosure of and the percentage rate amount of the "Discount Premium" used resulting in a Negative NPV and was told by the underwriters this was "Proprietary" information that they did not need to disclose to me, however would be required to do so to the attorney representing me and if mandated in a Federal Court of Law.

**Ms Blanton and her office not only missed the Appeal Deadline of November 28, 2014, she stated in an email dated February 24, 2015, that she finally admitted "My office attempted to fax the appeal all week after our meeting on 12/15/14 but the fax was busy, so it was mailed to Wells Fargo on 12/22/14. The response indicates it was responding to the request received on 12/29."** This is a totally unprofessional and inexcusable response from an attorney who should have uploaded the Appeal in the "portal" intended to expedite and streamline all information and correspondence with the lender and attorneys in Chapter 13 cases. I have also included the Appeal submitted by Ms. Blanton for your review that was not only received 2 months after deadline, but was incomplete with no supporting documentation attached as requested by Wells Fargo to substantiate the Appeal.

I also repeatedly requested Ms. Blanton request the Financial Inputs used in Wells Fargo 2 denial letters dated October 28, 2014, as she stated they were incorrect and assured me that I did qualify for the HAMP Loan Modification program based of the waterfall guidelines of 31% of Gross Income for PITI monthly payment reduction plan.

She stated she would ask and get clarification, however neglected to do so after insisting we wait for All numbers to be disclosed at the "mediation" scheduled for December 4, 2014.

The whole mediation process was completely wasted as Wells Fargo explained to Ms Blanton a TIER 2 calculation, which apparently she had never heard of or encountered, so that at the end of the mediation process she stated "Oh, now I finally get a TIER 2"!

My whole mediation process was rendered ineffective as we did not even get the opportunity to "Negotiate terms and conditions" or any other means of reinstating my principal residence of 12 years and trying to make payments immediately.

The "Principal Forgiveness amount of $111,665.63 incorrectly used in the NPV calculation, as well as the "Discount Premium" used were not even addressed at this mediation which was one of the sole purposes of my filing a Chapter 13 case.

As a matter of fact, None of the issues I had specifically requested were addressed at the mediation rendering it totally ineffective and a total waste of my money and time.

I paid Ms. Blanton $2,000. Cash up front and once again relied on her professional expertise and her suggestion to file a Chapter 13 in the first place which I questioned because I had very little other debt besides my mortgage.

After the seemingly incompetence and inappropriate behavior as a professional attorney in my opinion of Ms Blanton and her firm in the representation of my best interests, I felt I had no other alternative but to retain the counsel and services of a new attorney and law firm to represent me at a substantial outlay of now additional funds that I do not have.

On February 11, 2015, I submitted a 25 page formal complain to The Florida Bar against attorney Laurie L. Blanton, Esq. and Fitzhugh & Blanton, P.A.

A copy of the complaint filed is attached for your review.

On February 23, 2015 a "Motion to Withdraw as Counsel" was submitted to the Court by Laurie L. Blanton, Esq. as per my request, as after substantial errors, negligence in filing Appeal and misrepresenting critical facts continuously in the handing of my Chapter 13 Bankruptcy case filed July 15, 2014, as well as total lack of communication and status report updates normally performed and expected in a professional capacity by legal counsel in representing a client in my opinion.

On January 28, 2015 I also submitted to the Trustee's office on line as well as multiple phone calls asking "Please do not disburse any funds to Laurie Blanton, P.A. or Fitzhugh & Blanton, P.A. or to Wells Fargo due to inappropriate actions taken by the attorney in my Chapter 13 case. I am in process of filing a formal complaint against Laurie Blanton, P.A. and Fitzhugh & Blanton, P.A. with the Florida Bar." Copy is attached.

Being a lay person and not familiar with all the legalities and legalize, I was not aware of how to file a Motion with the Court to request that All Monies paid to the Trustee's Office in my Chapter 13 Case No: 14-08158 CED totaling $4,800.00 to date less $204.00 paid to Kelly Remick, Trustee Commission be returned to me.

In a second letter I will be submitting a Motion to the Court to return All monies paid into Trustee's office.

I most humbly thank you for your assistance with this matter.

Respectfully,

*[signature]*

Kimberly Leckie
7145 Whitemarsh Circle
Lakewood Ranch, FL 34202
941.323.2500